IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARNELL M. SMITH, Inmate #B-08542,   )
                                           )
                    Plaintiff,   )
                                           )
vs.                               )   Case No. 12-cv-0157-MJR
                                         )
JULIE M. KOERNER,   )
DAVID A. PERKINS, JOHN P. HEIL, Jr.,   )
JOHN W. ROBERTSON, and   )
O'HALLORAN, KOOFF, GEITNER &   )
COOK, P.C.,   )
                                         )
                 Defendants.   )

<u>MEMORANDUM AND ORDER</u>

REAGAN, District Judge:

       Plaintiff, an inmate in the Western Illinois Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. The Defendants are all attorneys who represented various parties in Plaintiff's earlier lawsuits, where he claimed his civil rights had been violated in a criminal prosecution (Doc. 5).[1] Plaintiff was ultimately acquitted in that case (Doc. 5-1, p. 1).

       The original alleged civil rights violations occurred in connection with Plaintiff's 2005 arrest and trial in Warren County, Illinois, which is situated in the federal judicial district for the Central District of Illinois. 28 U.S.C. § 93(b). The Defendants' representation of Plaintiff's adversaries in his earlier civil cases arising from that prosecution (Warren County Case No. 07-L-14; Central District of Illinois Case No. 08-cv-4035) also took place in the Central District of Illinois (Doc. 5). In addition, all but one of the Defendants appear to reside either in Peoria or Knox Counties, also in the

---

[1] *See Smith v. Blust*, Case No. 10-4017-HAB-JAG (C.D. Ill.) (Doc. 12, May 18, 2010).

Central District of Illinois.  *Id.*  Defendant Koerner may be located in Cook County (Northbrook), which is in the Northern District of Illinois, 28 U.S.C. § 93(a)(1), but this is not clear from the operative complaint (Doc. 5).  However, it is obvious that neither the parties nor any of the events giving rise to this action have any connection to the Southern District of Illinois.

Ordinarily, this Court would order the transfer of an action filed in the wrong venue to the federal district where venue would be proper; in this case, the Central District of Illinois.  Where a federal claim is not based solely on diversity of citizenship, that claim may be brought "only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . , or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).

However, because of Plaintiff's long history of filing frivolous and meritless lawsuits and failing to comply with court orders, the Central District of Illinois has barred him from filing any new civil actions in that court.  In *Smith v. Blust*, Case No. 10-cv-4017-HAB-JAG (C.D. Ill.) (Doc. 12, May 18, 2010), the court ordered:

> The clerk of the court is directed to return unfiled all papers tendered by this plaintiff until the plaintiff has paid in full the outstanding fees in all civil actions he has filed.  *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999); *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).  In accordance with the Seventh Circuit Court of Appeals ruling in *Support Systems International, Inc. v. Mack*, exceptions to this filing bar are made for criminal cases and for applications for writs of habeas corpus.  This order may be re-examined in two years.  *See Mack*, 45 F.3d at 186-187.

An examination of the electronic docket available through the Public

Access to Court Electronic Records ("PACER") website (www.pacer.gov) for this case and Plaintiff's other cases in the Central District of Illinois reveals that this filing bar has not been lifted.  Court documents are, of course, public records of which the Court can take judicial notice.  *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).  Therefore, a transfer of the instant case to the Central District of Illinois would be futile, not to mention a further waste of precious judicial resources, of which this Plaintiff has already consumed far more than his share.  Accordingly, this action shall be dismissed.

Plaintiff may be under the mistaken impression that because his pending case in the Central District of Illinois (*Smith v. McCuskey*, Case No. 12-cv-3020-DRH) has been specially assigned to Southern District of Illinois Chief Judge David R. Herndon, he now may file his lawsuits in this Court regardless of where the action arose or the location of the Defendants.  However, this is not the case.  A civil action must be brought in the proper federal judicial district in accordance with 28 U.S.C. § 1391, 28 U.S.C. § 93, and other applicable provisions of law.

Furthermore, because he has already accumulated more than three "strikes" within the meaning of 28 U.S.C. § 1915(g), Plaintiff must pre-pay the filing fee for any civil action he wishes to file, unless he is under "imminent danger of serious physical injury." [2]  28 U.S.C. § 1915(g).  Plaintiff has filed a motion for leave to proceed in forma pauperis in this action (Doc. 6).  Neither that motion nor the instant petition contains any allegations that might support a conclusion that Plaintiff is in

---

[2] *See Smith v. Blust*, Case No. 10-4017-HAB-JAG (C. D. Ill.) (Doc. 7, Feb. 25, 2010).

imminent danger of any physical injury, serious or otherwise.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** without prejudice.  Plaintiff's motion to appoint counsel (Doc. 2), motion to proceed in forma pauperis (Doc. 6), and motion for review (Doc. 7) are all **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**DATED:  3/12/2012**

 s/ MICHAEL J. REAGAN
Michael J. Reagan
United States District Judge